453 P.2d 161

**WEYHER CONSTRUCTION COMPANY,**
a Utah corporation, Plaintiff
and Respondent,

v.

**COX CONSTRUCTION COMPANY, Inc.,** a corporation, **and United States Fidelity and Guaranty Company,** a corporation, Defendants and Appellants.

No. 11353.

Supreme Court of Utah.

April 7, 1969.

John F. Piercey, Salt Lake City, for defendants and appellants.

Elliott Lee Pratt, of Clyde, Mecham & Pratt, Salt Lake City, for plaintiff and respondent.

HENRIOD, Justice:

Appeal from a judgment on a verdict for Weyher. Affirmed with costs to plaintiff.

Cox, prime contractor on a state road construction job, signed a contract with Weyher, subcontractor, to construct a portion of the facility, which was to be completed by June 30th.

There was evidence that before the Weyher contract Cox had a firm understanding with Western Steel for the latter to furnish and install the steel, which company agreed to fabricate, furnish and install it by June 30th; that Cox had scheduled delivery from the former so that Weyher would have time to finish its part of the work by June 30th, but later modified the schedule. Actually the project was not finished until about two months later, at which time Cox refused to pay Weyher the balance that ordinarily would have been forthcoming under the contract. This circumstance precipitated this litigation which included a claim for the balance due and for damages incident to Cox's preventing Weyher from proceeding on schedule.

Other believable evidence indicated that although Weyher was to complete its work by June 30th, Western Steel, knowing this to be true, could not or did not get the necessary steel to the project, as anticipated, for one reason, because Bethlehem, Cox's supplier, could not furnish the steel within the time Western expected; making it impossible for Weyher to perform on time; that the employees of Western Steel were on strike during the critical month of June, from the 1st to the 20th; that Cox consented to a rescheduling of the latter's deliveries that made it impossible for Weyher to complete its contract by June 30th, the deadline; and that Cox also interfered with and delayed Weyher from performing.[1]

The jury found the facts essentially as abstracted above, on believable evidence, so that its conclusions should remain undisturbed on familiar appellate review principles.[2]

Cox counterclaimed for damages allegedly caused by Weyher's interference with Cox's work, which counterclaim the jury and court held to be without merit.

With the exception of other objections of appellant discussed below, the heart of Cox's defense lay in a novel, and rather unusual clause that Cox, or his agent who wrote it, inserted into the contract to the effect that:

Subcontractor of structural concrete [Weyher] will be responsible for ordering the steel and making sure that the steel items will be taken care of in plenty of time so as not to delay his contract.

■ Assuming such a provision to be enforceable, if all other terms were complied with, it appears even so, that the court and jury's findings, which we affirm, obviously relieved Weyher from attempting to comply with such provision on the simple ground of impossibility.

■ Appellant spent about half of its brief reciting the evidence favorable to its position to the exclusion of evidence that disputed such facts, and which latter evidence was favorable to Weyher and which

---

1. See 16 A.L.R.3d 1252, at 1254, where it is said: "While there are not a great many cases dealing with the question, it seems fairly well settled that a general contractor is under an implied obligation not to hinder or delay performance by his sub-contractor and may incur liability for the latter's damage if he does not take all reasonable steps to insure that the job site is ready and that work proceeds without undue delay." See sec. 3, p. 1255 of the annotation for authorities cited.

2. It is interesting to note that the trial court put the matter to the jury in the form of interrogatories, most of which were answered in favor of Weyher. The jury in its handwritten recommendations said that "1) From the above questions we feel the claims that should be paid Weyher amount to $2224.51, 2) All monies held back under the contract between Weyher & Cox Construction Companies should be paid, 3) Based on the evidence presented we feel the Cox Construction Company claims are not justified."

we think sustained the verdict. We cannot see where the jury indulged in any caprice or unreason in concluding as it did, after listening to a protracted presentation and record requiring better than 700 pages to preserve in writing.

Besides urging that the evidence did not support the verdict, Cox asserts that it was error to give judgment against Cox for damages on the ground Cox interfered with and delayed Weyher's performance, since certain provisions in the contract itself negated any such possibility.

One was a provision for waiver of claim for damage of any nature unless written notice was given by the subcontractor within five days of origin. It appears that complaint about the delay was made by Weyher within two days after rescheduling of steel shipments by Western later than those previously. It seems to us that Cox was put on notice of possible costs of delay, and the delay of Cox was a sort of continuing one not reduced to any specific.

Another provision said that payment of the contract price must be accepted as full compensation, including all loss and damage of practically any kind. We believe the clause had to do with claims against others for interference and delay, but certainly not as against the general contractor's own interference and delay.[3]

3. See note 1 supra.

The other provisions mentioned by appellant Cox seem to be without merit and need no elaboration here.

CROCKETT, C. J., and CALLISTER, TUCKETT and ELLETT, JJ., concur.